MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
DOUGLAS E. LUMISH (Bar No. 183863)
douglas.lumish@weil.com
MICHAEL D. POWELL (Bar No. 202850)
michael.powell@weil.com
MATTHEW M. SARBORARIA (Bar No. 211600)
matthew.sarboraria@weil.com
DAVID T. POLLOCK (Bar No. 217546)
david.pollock@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DORIAN E. DALEY (Bar No. 129049)
dorian.daley@oracle.com
PEGGY E. BRUGGMAN (Bar No. 184176)
peggy.bruggman@oracle.com
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Plaintiff
Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MANGOSOFT, INC., MANGOSOFT CORPORATION, and BUILT RIGHT NETWORKS, LLC,<br><br>Defendants. | Case No. C 03 02267 VRW<br><br>E-FILING<br><br>DECLARATION OF MICHAEL D. POWELL IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE OF HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Date:  TBD<br>Time:  TBD<br><br>Courtroom 6, 17th Floor<br>Hon. Vaughn R. Walker |

I, Michael D. Powell, declare:

1. I am a member of the Bar of this Court and an attorney with the law firm of Weil, Gotshal & Manges LLP, counsel of record for Oracle Corporation in the above-captioned matter. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. I spoke on two separate occasions with defense counsel Tom Lathram the evening of October 13, 2005. During the first call, Mr. Lathram asked if Oracle would forego all discovery in exchange for Mangosoft agreeing to produce a 30b6 witness on the operation of the accused Mangomind software. I declined and suggested that Oracle would consider foregoing some of the depositions if Mangosoft would agree to produce witnesses on all outstanding 30b6 topics (sales, marketing, design and operation of Mangomind) and Messrs. Scott Davis and Robert Phillips – the chief architects of the software. Mr. Lathram indicated he would check with his co-counsel at Mintz Levin. Shortly thereafter, Mr. Lathram called to inform me that Mangosoft would be filing a motion for protective order to stay discovery pending the summary judgment hearing.

3. Obtaining discovery from Mangosoft in this case has proven difficult. Oracle noticed 30b6 custodian of record depositions for defendants Mangosoft and Built Right in March 2004. The BuiltRight designee, Phil Romine, was deposed on May 11, 2005, and the Mangosoft designee, Dale Vincent, was deposed August 3, 2005, only after Oracle threatened to bring a motion to compel.

4. On July 21, 2005, Oracle served a second 30b6 notice on defendants concerning the sale and marketing of Mangomind. While on July 27, 2005, Mangosoft offered a date of September 8, 2005, Mangosoft later reneged despite Oracle's confirming that date in writing. This deposition still has not taken place.

5. On August 25, 2005, Oracle served a deposition notice on Mangosoft requesting examination of a corporate designee on matters related to the design and operation of the accused product and also identified ten persons of interest and asked that defense counsel

1  indicate whether or not it would be representing any of these third-party, former employees.
2  Oracle was informed that defense counsel would be representing six of the ten former employees
3  identified by Oracle as persons of interest.  Counsel for Mangosoft first refused to accept service
4  for these individuals.  Then, after Oracle indicated it would raise these discovery issues at the
5  September 23, 2005 hearing before Magistrate Judge Spero, defense counsel during a
6  teleconference on September 19, 2005, agreed to (1) extend the close of discovery, (2) accept
7  service for the six third-parties it represented and (3) to cooperate in scheduling the examinations.

8        6.   Despite the assurances from defense counsel that they would cooperate
9  with the scheduling of the depositions for the witnesses they represented, numerous of my meet
10 and confer attempts went completely unanswered.  As it turned out, Mangosoft and its counsel
11 were busy preparing to file its motion for summary judgment – which was served on Oracle on
12 October 4, 2005.

13       7.   Scott Davis and Robert Phillips were identified by Phil Romine as persons
14 most knowledgeable regarding the Mangomind source code.  Upon review of Mangosoft's
15 documents, David Porter was identified as associated with development work concerning the
16 following Mangomind functionality and documentation: rendezvous server; name service design
17 specification; kernel sockets; RPC client design specification; and the RPC server design
18 specification.  Daniel Dietterich was identified as associated with the specification for the
19 Mangomind account administration function.  Mark Woodbury was identified on several sales
20 documents and appears to have been a Mangomind sales representative.  Robert Parsons was
21 Mangosoft's chief financial officer but was also identified as the person responsible for sales and
22 marketing of Mangomind.  Messrs. Plummer and Shain have been contacted and their depositions
23 are set to take place on October 27 and 28, 2005.  Mr. Plummer was identified from documents as
24 associated with development work concerning the following Mangomind functionality and
25 documentation: server backup/restore; server guide; server API; server management tools: and
26 server guide.  Similarly, Mr. Shain was identified as associated with: server disk repair tool;
27 server active clustering design; server guide and central cache management.  Mr. Mendel was
28 contacted and his subpoena was withdrawn because his involvement in the development of

1  Mangomind was minimal. Oracle has been unable to locate Mr. Plouffe – who was identified by
2  Phil Romine as a "key contributor" to Mangomind Web View and is associated with the
3  specification for the Mangomind Messages functionality.

4      8.    Mangosoft has moved for summary judgment of invalidity and
5  noninfringement. Oracle intends to present an expert declaration in support of its opposition to
6  Mangosoft's motion.

7      9.    As detailed in Oracle's Final Infringement contentions and supporting
8  documentation, the user's original request upon initiating an online Mangomind session, is to
9  access and view the online contents of the MIND drive or drives associated with a particular
10 Mangomind user. In response to this request, Mangomind initiates a series of operations to
11 reconcile various data objects. Also in response to the request, the MIND server, through the
12 "CheckAccess" function identified above, collects supplemental user information – stored in a
13 server-side storage unit – in the form of file and directory access privileges. Based on this
14 supplemental user information, the MIND server determines whether or not to send the "access
15 denied" notification which is also detailed above. If the user's access privileges have not been
16 changed, there will be no "access denied" notification. If the user's access privileges have been
17 downgraded – for example, from write access to read access only – the server will send an access
18 denied notice (the interrupt) to the user via the client. This "access denied" notification is an
19 "interrupt." Whether or not the server decides to send the "access denied" notification, the users
20 original request to view the online contents of the MIND drive or drives associated with that user
21 is fully satisfied. Based on the example given above and the evidence cited in support of Oracle's
22 Final Infringement Contentions, there exists at a minimum a genuine issue of fact concerning
23 whether or not the Mangomind software practices the elements of Oracle's '790 patent. Oracle
24 believes in good faith that substantive discovery it is seeking will be useful to corroborate
25 Oracle's understanding of the functioning of the Mangomind software and is necessary to put
26 such issues at rest.

27     10.    Oracle originally noticed most of the percipient depositions (other than
28 Messrs. Davis and Phillips) as half-day examinations to be scheduled on consecutive days.

Oracle remains willing to expedite this discovery.

11. Attached hereto as Exhibit A is a true and correct copy of the Case Management Order, dated June 6, 2005.

12. Attached hereto as Exhibit B is a true and correct copy of a June 14, 2005 Email from Michael Powell to Joseph Messina Requesting Production of Patent Applications and Date for 30b6 Custodian Deposition.

13. Attached hereto as Exhibit C is a true and correct copy of Oracle's Notice of Deposition of Mangosoft, dated July 21, 2005.

14. Attached hereto as Exhibit D is a true and correct copy of Oracle's Notice of Deposition of Mangosoft, dated August 25, 2005.

15. Attached hereto as Exhibit E is a true and correct copy of a August 25, 2005 letter from Michael Powell to Joseph Messina.

16. Attached hereto as Exhibit F is a true and correct copy of a September 1, 2005 letter from Joseph Messina to Michael Powell.

17. Attached hereto as Exhibit G is a true and correct copy of a September 14, 2005 letter from Joseph Messina to Leeron Kalay.

18. Attached hereto as Exhibit H is a true and correct copy of a Oracle's Patent Local Rule 3-1 Disclosure of Asserted Claims and Final Infringement Contentions, dated September 16, 2005.

19. Attached hereto as Exhibit I is a true and correct copy of a the Joint Stipulation and Request to Modify Case Management Order, dated September 19, 2005.

20. Attached hereto as Exhibit J is a true and correct copy of the Order Modifying Case Management Order, dated September 23, 2005.

21. Attached hereto as Exhibit K is a true and correct copy of a October 7, 2005 letter from Michael Powell to Joseph Messina.

22. Attached hereto as Exhibit L is a true and correct copy of a October 11, 2005 letter from Joseph Messina to Michael Powell.

23. Attached hereto as Exhibit M is a true and correct copy of the cited portions of the confidential deposition transcript of Philip J. Romine as designee for defendant BuiltRight Networks. The deposition transcript was designated by defendants as "Confidential" and has been filed with the clerk under seal.

24. Attached hereto as Exhibit N are true and correct copies of Oracle's deposition notices to Scott Davis (dated September 6, 2005), Robert Phillips (dated October 12), 2005), Daniel Dietterich (dated October 12), Dave Porter (dated October 12), Robert Parsons (dated October 12), Mark Woodbury (dated October 12), Randy Shain (dated October 12), and James Plummer (dated October 12).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of October at Redwood Shores, California.

                                        */s/ Michael D. Powell*
                                        Michael D. Powell