# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

Joseph P. Messina | 617 348 1631 | jmessina@mintz.com

October 11, 2005

**BY FAX**

Michael D. Powell, Esq.
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Re:  Oracle Corporation v. Mangosoft, Inc., et al.
U.S.D.C. for the N.D. California Civil Action No. 03-02267-VRW

Dear Mr. Powell:

    I write in response to your letter of Friday, October 7, 2005, regarding deposition scheduling and the hearing on our motion for summary judgment. First, your constant complaint about "the withholding of critical discovery" is, frankly, wearing a little thin. As you know, Oracle never even requested a technical deposition of defendants regarding the accused product until just days before the expiration of the original discovery period. Thereafter, we were agreeable to producing Rule 30(b)(6) designees on October 19th and 20th, precisely as Oracle had requested. You then chose to cancel those deposition dates due to the fact that you needed to travel to Japan, presumably on another matter. Thus, defendants have in no way hindered your efforts to take discovery in this case.

    Second, and more fundamentally, no amount of deposition discovery will aid you in addressing our motion for summary judgment. You have extensive discovery regarding the accused product. Deposing Mangosoft's former bookkeeper, or deposing every random former Mangosoft employee about Mangomind, will not change the record evidence about the function of the accused product. Particularly given the fact that your firm has *stated* that this retaliatory case is designed solely to harass the defendants and distract resources for the New Hampshire action, your requests for such wide-ranging and irrelevant depositions, only serves to underscore the futility of this requested discovery. In light of the above, we will make Mangosoft's Rule 30(b)(6) designee on the topics related to the structure and function of accused products available for deposition. We will of course agree to a short extension of the briefing and hearing schedule to allow you to complete this deposition. As to any other witnesses, however, we will file a motion for a protective order to preclude any additional depositions pending the Court's decisions on defendants' motion for summary judgment.

Very truly yours,

Joseph P. Messina

cc:  Thomas W. Lathram, Esq.

LIT 1545292v.1    **Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**